[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION TO REARGUE, CODED 163, AND DEFENDANT'S MOTION FOR CONTEMPT, CODED 165
Many of the facts that give rise to the above two motions are in dispute. On February 23, 1998, the court, Mihalakos, J., entered the following orders:
 The foregoing matter, motion #160, Defendant's Motion CT Page 8955 for Contempt, having been heard before the court; it is hereby ORDERED:
 That the Plaintiff must pay one-half of the cost of the school uniforms — the total cost was $197.17 the Plaintiff must pay 1/2 of this total within 1 week.
 And that the Plaintiff is found in Contempt with regard to the health insurance premiums. The Plaintiff is ordered to pay $600 plus interest for the health insurance premiums, all due now. And that the Plaintiff is to pay to the Defendant $600 for attorney fees.
A corrected order was entered on March 24, 1998 that reads as follows:
 The foregoing matter, Motion #160, Defendant's Motion for Contempt, having been heard before the Court, it is hereby ORDERED:
 That the total cost of the school uniforms is $394.34, the Plaintiff is to pay 1/2 of this total which is $197.17. This is to be paid within 1 week.
 And that regarding the amount due for the health insurance, interest at the rate of 10% per annum is to apply.
The plaintiff did not appear on February 23, 1998. The February 23 hearing was rescheduled from an earlier hearing regarding the defendant's motion coded 160. The plaintiff was in court when the defendant's motion coded 160 was assigned to be heard on February 23, 1998. The parties are in dispute as to whether they were informed by a New York judge before whom there were pending motions to modify visitation, that the matter assigned in Danbury for February 23, 1998 would not be heard on that date. The court finds that no such information was given to the plaintiff. The plaintiff in his motion coded 163 seeks to vacate the requirement that he pay one-half of the cost of school uniforms, to vacate the finding of a $600 arrearage regarding health insurance, and to vacate the order that he pay $600 attorney's fees. The defendant, in her motion for contempt, coded 165, seeks to hold the plaintiff in contempt for failing to comply with the orders of Judge Mihalakos. CT Page 8956
The court heard testimony regarding these two motions on July 20, 1998 and August 7, 1998. The question of whether the plaintiff owes the $197.17 to the defendant for school uniforms involved an interpretation of the order of this court, entered at the time the marriage between the parties was dissolved, requiring the plaintiff to pay one-half of cost of attendance at private school. This court finds that included within the cost of the children attending private school is the cost of their school uniforms, and at the hearing on August 7, 1998, ordered the plaintiff to pay to the defendant the $197.17 by August 19, 1998, and further ordered the plaintiff to pay to the defendant his one-half share of such future school uniform cost within thirty days after receiving notice from the defendant by registered or certified mail return receipt of the amount of such cost. This court further heard testimony regarding the amount owed by the plaintiff to the defendant regarding health insurance premiums and found that as of August 7, 1998 the amount that he owed arising out of a September 8, 1997 finding of an $800 arrearage by this court was $133.50. The $133.50 was paid on August 7, 1998, partially by a $40 cash payment and by a check to the defendant in the amount of $93.50. The order of this court on September 8, 1997 was for the plaintiff to pay the $800 arrearage at the rate of $100 per month commencing October 1, 1997. That $800 arrearage should have been paid in full by May 1, 1998.
The plaintiff did not comply with the order of Judge Mihalakos that he pay his share of the school uniform cost of $197.17 within one week from February 23, 1998. He further did not comply with the order of Judge Mihalakos regarding the payment of health insurance premiums. Further, the plaintiff did not comply with the order of this court which would have required the $800 arrearage to have been paid in full by May 1, 1998. While this court has reduced the amount that the plaintiff owes to the defendant, nevertheless, there was no reason for a person to fail to comply with a court order. The plaintiff did not agree with the $800 amount found by this court on September 8, 1997 for an arrearage on the health insurance premium and therefore failed to pay $133.50 of the $800 amount. The plaintiff further failed to pay the defendant the $600 in attorney's fees. Parties do not have the right to fail to comply with a court order merely because they believe the order is erroneous. The failure to comply with an order, even if in fact the order is erroneous, can form the basis for contempt finding. This court therefore finds that the failure of the defendant to comply with the order CT Page 8957 previously entered by this court on September 8, 1997 for the payment of $800 in health insurance premiums, which Judge Mihalakos found to have been reduced to $600 by February 27, 1998, does form a valid finding for contempt against him and for the allowance of an $600 in attorney's fees. The defendant in her motion for contempt, coded 165, seeks to have a further award of attorney's fees arising out of the plaintiff's failure to comply with the orders of Judge Mihalakos. This court awards to the defendant $400 in counsel fees as a result of the plaintiff's failure to comply with the orders of Judge Mihalakos. Therefore, the total amount due for attorney's fees is $1000. The court orders that that $1000 be paid at the rate of $100 per month commencing September 16, 1998, and on the sixteenth day of each month thereafter. Interest on the $1000 is to run at the rate of 10 percent per annum on the unpaid balance.
Axelrod, J.